UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

    Plaintiff,

Case No. 1:23-cv-1027

Hon. Jane M. Beckering

v.

COUNTY OF ST. JOSEPH, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Alonzo Shaffer. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

*Pro se* plaintiff has filed a one-page "Grievance & Complaint" against six defendants: Sergeant Hernandez; "Sergeant Hernandez african [sic] American Partner" [Unknown Party #1]; "Approximately Five Hundred LB Tall (w) Male Bald Head C.O." [Unknown Party #2]; Individual Name Warren Very Slim Small Body (W[)] Male Bald Head C.O." [Unknown Party #3]; Unknown (W) Female Receiving HallWay Blond Hair C.O." [Unknown Party #4]; and "Reagan (W) Female St Jo [sic] County, Its [sic] Sheriff Dept Nurse" [Unknown Party #5]. Compl. (ECF No. 1, PageID.1). Plaintiff also refers to "St Jo [sic] County, Its [sic] Sheriff Dept.". *Id*.

Plaintiff provided a rambling and generally unintelligible statement of his claim:

> African American Partner Gave Ride To Hospital, Later Stilling Government Protected Tablet Et, Sergeant Hernandez Arrested Shaffer Due To Moving Slow Due [sic] Plaintiff Disabilities Inability, Approx 5 Hundred LB C.O[.] Balding Maie [sic] Folded Plaintiff Occurred Way Couldn't Breathe, C.O. Warren Entered Room Side Door Assisting With Positional Efixeia [sic] While In Wheelchair (W)

      C.O[.] Woman Behind Chair Use Force Plaintiff Head, Neck, Face Et al, Harming to Plaintiff[.]

*Id*. Plaintiff states, among other things, "Wrongful Arrest", "Stolen Government Tablet", "Assist Attempted Murder", and "Gross Negligence To Need." *Id*. Plaintiff appears to have filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged violations of the 4th, 8th, 13th, and 14th Amendments. *Id*. Plaintiff does not ask for any relief.

      The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

      A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

      [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

2

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

To the extent plaintiff's cryptic "grievance & complaint" alleged anything, it consists of nothing more than "an unadorned, the – defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *Id*. Plaintiff failed to allege sufficient factual matter to state a claim to relief for a cause of action under § 1983. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.


Dated:  October 12, 2023                         /s/ Ray Kent
                                                 RAY KENT
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).